■ BEVERLY KLECKNER, Respondent, v LEONARD LAMPERT, Appellant.— In an action on a separation agreement which was incorporated, but not merged, into a judgment of divorce, defendant appeals from (1) an order of the Supreme Court, Nassau County, dated July 28, 1975, which, *inter alia,* granted plaintiff's motion for summary judgment, (2) a judgment of the same court, entered thereon on August 22, 1975 and (3) so much of a further order of the same court, dated November 17, 1975, as, upon reargument, adhered to the prior order and judgment. Appeals from the order dated July 28, 1975 and from the judgment dismissed as academic, without costs or disbursements. That order and the judgment were superseded by the order made on reargument. Order dated November 17, 1975 reversed insofar as appealed from, without costs or disbursements, motion for summary judg-ment denied, and the action is remanded to the Supreme Court for further proceedings in accordance herewith. The parties were formerly husband and wife, having been married on May 5, 1957; they were divorced on November 12, 1973. The judgment of divorce incorporated, but did not merge therein, a pre-existing separation agreement which was dated September 4, 1971 and later amended on or about May 24, 1973. There are two infant sons of the marriage and, in the main, the agreement and its amendment provide for custody of the two children with the wife and allocate specific support payments to be made by the defendant. Since the wife has remarried, support payments to her have ceased in accordance with the agreement. The support payments for one of the children is now in dispute. Subsequent to the divorce, a psychological therapist recommended, and the parties allegedly agreed, that one of the sons should reside with the father. Accord-ingly, since on or about April 7, 1974, one of the children has resided with the father in the State of Florida. The father claims to have completely supported the child and has refused to pay the amount allocated in the separation agreement as support for the son. Special Term, in granting judgment to the mother, held that the agreements were clear. We, however, are of the view that the amendment is ambiguous and that, accordingly, summary judgment does not lie. Specifically, the amendment to the separa-tion agreement provides, in pertinent part, that the child support payments shall be made "whether or not the said children are at school or otherwise away from the home of the wife." Under the theory of *ejusdem generis* the term "or otherwise" should be equated to something similar to that which is particularized—"school"—such as a "camp", or some other recreational or educational facility. It is not clear, therefore, from a naked reading of the agreement, that the parties intended continuous support payments even if a child were to continuously reside with the father. Accordingly, the motion for summary judgment should not have been granted and the resolution of

this dispute must await a trial of the action. Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Hawkins, JJ., concur.